**Jorge Billy Ramos MENDOZA, aka Jorge Ramos, aka Jorge Billy Ramosmendoza, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–73804.

United States Court of Appeals, Ninth Circuit.

Nov. 17, 2014.

Robert Bradford Jobe, Esquire, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Franklin M. Johnson, Jr., Oil, Katherine Ann Smith, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS and RAWLINSON, Circuit Judges, and LYNN, District Judge.*

MEMORANDUM **

Jorge Billy Ramos Mendoza (Ramos–Mendoza) petitions for review of the Board of Immigration Appeals (BIA) ruling dismissing his challenge to a decision by the immigration judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Ramos–Mendoza specifically challenges the determination that he did not file his asylum application within a reasonable period of time following a changed circumstance, and that the extraordinary circumstances exception is inapplicable. Ramos–Mendoza also disputes the BIA's conclusion that he failed to demonstrate a well-founded fear of future persecution on account of his mental illness.

1. Even if Ramos–Mendoza's application were timely, substantial evidence supports the BIA's finding that his fear of inadequate medication and physical harm from others if he becomes aggressive is speculative. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (confirming that speculative fears fail to establish an objectively reasonable fear of future persecution). Ramos–Mendoza's father stated in his declaration that the family will continue to take care of Ramos–Mendoza, and his sister did not declare that she would be unable to support him if he returned to El Salvador. Moreover, his brother testified that he lived with Ramos–Mendoza in El Salvador when they were young and that Ramos–Mendoza exhibited "many symptoms" at the time but did not experience any problems with Salvadoran law enforcement.

2. Ramos–Mendoza sufficiently raised his withholding of removal claim in his opening brief. *See Guo v. Ashcroft,* 361 F.3d 1194, 1199 (9th Cir.2004). However, we reject his challenge to the BIA's denial of his application for withholding of removal because "[a]n applicant who fails to satisfy the standard of proof for asylum also fails to satisfy the more stringent standard for withholding of removal." *Garcia–Milian v. Holder,* 755 F.3d 1026, 1033 n. 4 (9th Cir.2014), *as amended* (citation omitted).

---

* The Honorable Barbara M.G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

3. Ramos–Mendoza did not waive his CAT claim even though he failed to raise it before the BIA, because the BIA affirmed the IJ's denial of CAT relief on the merits. *See Abebe v. Gonzales,* 432 F.3d 1037, 1041 (9th Cir.2005) (en banc) ("When the BIA has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue based upon this procedural defect . . . .") (citation omitted). Nevertheless, substantial evidence supports the BIA's determination that Ramos–Mendoza failed to establish that "it is more likely than not" he would be tortured if removed to El Salvador. 8 C.F.R. § 1208.16(c)(2). The record does not reflect that mentally ill individuals are intentionally harmed by government officials or with the acquiescence of such officials. Neither does the record reflect that medical professionals administer treatment with the specific intent to "inflict severe physical or mental pain or suffering" onto mentally ill patients. *Villegas v. Mukasey,* 523 F.3d 984, 988–89 (9th Cir.2008) (citation omitted).

**PETITION DENIED.**